UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TOMAS LUQUE and GILBERTO SOLANO MENEZ,
individually and on behalf of all others similarly situated,

                          Plaintiffs,          **COLLECTIVE ACTION COMPLAINT**

      -against-

Z&S DELI INC. d/b/a SUPER DELI MARKET,
RADHA RAMPERSAD and RIA RAMPERSAD, as individuals,    **JURY TRIAL REQUESTED**

                          Defendants.
------------------------------------------------------------------------X

Plaintiff, **TOMAS LUQUE and GILBERTO SOLANO MENEZ**, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiffs") by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff, through undersigned counsel, bring this action against **Z&S DELI INC. d/b/a SUPER DELI MARKET, RADHA RAMPERSAD and RIA RAMPERSAD, as individuals,** (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment with the Defendants located at 1474 York Ave., New York, NY, 10075.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiff's other state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

7. Plaintiff TOMAS LUQUE residing at Corona, NY 11368 was employed by Z&S DELI INC. d/b/a SUPER DELI MARKET from in or around December 2013 until in or around February 2022.

8. Plaintiff GILBERTO SOLANO MENEZ residing at Bronx, NY 10456 was employed by Z&S DELI INC. d/b/a SUPER DELI MARKET from in or around July 2009 until in or around March 2020.

9. Defendant, Z&S DELI INC. d/b/a SUPER DELI MARKET, is a New York domestic business corporation, organized under the laws of the State of New York with a principal executive office located 1474 York Ave., New York, NY 10075.

10. Upon information and belief, Defendant, Z&S DELI INC. d/b/a SUPER DELI MARKET is a corporation authorized to do business under the laws of New York.

11. Upon information and belief, Defendants RADHA RAMPERSAD and RIA RAMPERSAD are the owners of Z&S DELI INC. d/b/a SUPER DELI MARKET.

12. Upon information and belief, Defendants RADHA RAMPERSAD and RIA RAMPERSAD are agents of Z&S DELI INC. d/b/a SUPER DELI MARKET.

13. Upon information and belief, RADHA RAMPERSAD and RIA RAMPERSAD are responsible for overseeing the daily operations of Z&S DELI INC. d/b/a SUPER DELI MARKET.

14. Upon information and belief, RADHA RAMPERSAD and RIA RAMPERSAD have power and authority over all the final personnel decisions of Z&S DELI INC. d/b/a SUPER DELI MARKET.

15. Upon information and belief, RADHA RAMPERSAD and RIA RAMPERSAD have the power and authority over all final payroll decisions of Z&S DELI INC., and SUPER DELI MARKET, including the Plaintiffs.

16. Upon information and belief, RADHA RAMPERSAD and RIA RAMPERSAD have the exclusive final power to hire the employees of, including the Plaintiffs.

17. Upon information and belief, RADHA RAMPERSAD and RIA RAMPERSAD have exclusive final power over the firing and terminating of the employees of Z&S DELI INC. d/b/a SUPER DELI MARKET, including Plaintiffs.

18. Upon information and belief, RADHA RAMPERSAD and RIA RAMPERSAD are responsible for determining, establishing, and paying the wages of all employees of Z&S DELI INC. d/b/a SUPER DELI MARKET, including the Plaintiffs, setting their work schedules, and maintaining all their employment records of the business.

19. Accordingly, at all relevant times hereto, Defendants RADHA RAMPERSAD and RIA RAMPERSAD were Plaintiffs' employer within the meaning and the intent of the FLSA, and the NYLL.

20. At all times relevant to the allegations contained in the complaint, Corporate Defendants were, and are, enterprises engaged in interstate commerce within the meaning of the FLSA in that Z&S DELI INC. d/b/a SUPER DELI MARKET (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

## RELEVANT STATUTORY PERIOD

21. Under the FLSA and NYLL, Plaintiffs federal and state law claims are subject to statute of limitations periods of 3 and 6 years from the date of the filing of the Complaint, respectively. This Complaint was filed on April 2022. As such, the relevant statutory period for Plaintiffs' claims asserted herein encompasses the entirety of the period spanning April 2016 through the present ("relevant statutory period.").

## FACTUAL ALLEGATIONS
## TOMAS LUQUE

22. Plaintiff TOMAS LUQUE was employed by Z&S DELI INC. d/b/a SUPER DELI MARKET, as a kitchen helper while performing related miscellaneous duties for the Defendants, from in or around December 2013 until in or around February 2022.

23. During the relevant statutory period, Plaintiff TOMAS LUQUE regularly worked five (5) days per week.

24. During the relevant statutory period, Plaintiff TOMAS LUQUE regularly worked a schedule of shifts beginning at approximately 6:00 a.m. each workday and regularly ended at approximately 6:00 p.m., or later, five (5) days per week.

25. Thus, Plaintiff was regularly required to work approximately sixty (60) hours or more hours per week during the relevant statutory period.

26. During the relevant statutory period, Plaintiff TOMAS LUQUE was paid by Defendants:

    i. approximately $400.00 per week from in or around April 2016 until in or around December 2017; and

    ii. approximately $12.00 per hour for all hours worked from in or around January 2018 until in or around February 2022.

27. Although Plaintiff regularly worked approximately sixty (60) hours during the relevant statutory period, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

28. Furthermore, Defendants failed to pay Plaintiff TOMAS RUIZ the legally prescribed minimum wage for all his hours worked from in or around January 2017 until in or around February 2022, a blatant violation of the minimum wage provisions contained in the NYLL and its regulations.

29. Additionally, Plaintiff TOMAS LUQUE worked in excess of ten (10) or more hours per day approximately five (5) days per week during the relevant statutory period, however, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage

for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

### GILBERTO SOLANO MENEZ

30. Plaintiff GILBERTO SOLANO MENEZ was employed by Z&S DELI INC. d/b/a SUPER DELI MARKET, as a delivery man and cook while performing related miscellaneous duties for the Defendants, from in or around July 2009 until in or around March 2020.

31. During the relevant statutory period, Plaintiff GILBERTO SOLANO MENEZ regularly worked six (6) days per week.

32. During the relevant statutory period, Plaintiff regularly worked a schedule of shifts beginning at approximately 6:00 a.m. each workday and regularly ended at approximately 4:00 p.m., or later, five (5) days per week.

33. Plaintiff GILBERTO SOLANO MENEZ also worked a schedule of shifts beginning at approximately 6:00 a.m. each workday and regularly ended at approximately 6:00 p.m., or later, once per week.

34. Thus, Plaintiff was regularly required to work approximately sixty-two (62) hours or more hours during the relevant statutory period.

35. During the relevant statutory period, Plaintiff GILBERTO SOLANO MENEZ was paid by Defendants:

    i. approximately $660.00 per week from in or around April 2016 until in or around December 2016; and
    ii. approximately $15.00 per hour for all hours worked from in or around January 2017 until in or around March 2020.

36. Although Plaintiff regularly worked approximately sixty-two (62) hours per week during the relevant statutory period, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

37. Additionally, Plaintiff GILBERTO MENEZ worked in excess of ten (10) or more hours per day approximately once a week during the relevant statutory period, however,

5

Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

## DEFENDANTS' VIOLATIONS UNDER NYLL COMMON TO ALL PLAINTIFFS

38. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.
39. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.
40. Additionally, Defendants willfully failed to provide Plaintiff with a written notice, in English, of her applicable regular rate of pay, regular pay day, and all such information as required by NYLL §195(1).
41. Upon information and belief, Defendants willfully failed to provide Plaintiffs with any wage statements, upon each payment of his wages, as required by NYLL §195(3).
42. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks statutory interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

43. Plaintiff brings this action on behalf of themselves, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are hereafter, the "Collective Class."
44. Collective Class: All persons who are or have been employed by the Defendants as kitchen helpers, delivery men and cooks or any other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures,

6

protocols and plans including willfully failing and refusing to pay required overtime wages.

45. Upon information and belief, Defendants employed 10 to 20 employees or more during the relevant statutory period who Defendants subject(ed) to similar unlawful payment structures that violated applicable law.

46. Defendants suffered and permitted Plaintiffs - and the Collective Class - to regularly work more than forty hours per week without appropriate overtime compensation.

47. Defendants suffered and permitted Plaintiffs to work without receiving pay rates below the applicable minimum wage.

48. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.

49. Defendants had knowledge that the Plaintiff and the Collective Class regularly performed work requiring overtime pay.

50. Defendants' conduct as set forth in this Complaint, was willful and in bad faith - and has caused significant damages to Plaintiff, as well as the Collective Class.

51. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs, and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and proper minimum wage pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

52. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

53. The claims of Plaintiff are typical of the claims of the whole putative class.

54. Plaintiff and their counsel will fairly and adequately protect the interests of the putative class.

55. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

56. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

57. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b) *et seq*.

58. At all times relevant to this action, Plaintiffs were engaged in interstate commerce and/or was engaged in the production of goods for/through the channels of interstate commerce within the meaning of 29 U.S.C. §§206(a) and 207(a), *et seq*.

59. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

60. Defendants willfully failed to pay Plaintiffs' overtime wages for all hours regularly worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

61. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of the Plaintiffs.

62. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

63. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

64. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

65. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.

66. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Minimum Wages Under The Fair Labor Standards Act

67. Plaintiffs re-allege and incorporate by reference all allegations contained in all preceding paragraphs.

68. At all relevant times, Defendants failed to pay Plaintiffs the lawful minimum hourly wage for all hours worked in violation of 29 U.S.C. § 206(a).

69. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating Plaintiffs and the FLSA Collective Plaintiffs.

70. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

71. Plaintiffs re-allege and incorporate by reference all allegations contained in all preceding paragraphs.

72. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL §§2 and 651.

73. At all times relevant to this action, Defendants were employers within the meaning of the NYLL.

74. Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

75. Defendants failed to credit or compensate Plaintiffs the applicable minimum hourly wage for all hours worked, in violation of the New York Minimum Wage Act, specifically NYLL §652.

76. Defendants failed to pay Plaintiff the required minimum wage, which Plaintiffs' were entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3, et. Seq.

77. Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to his unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## FIFTH CAUSE OF ACTION

**Spread of Hours Compensation Under New York Labor Law**

78. Plaintiffs re-alleges and incorporates by reference all allegations in all preceding paragraphs.

79. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4

80. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants his unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

## SIXTH CAUSE OF ACTION

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

81. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

82. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

83. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

84. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
85. Defendants failed to provide Plaintiffs with wage statements, upon each payment of his wages, as required by NYLL §195(3).
86. Defendants are liable to Plaintiffs in the amount of $15,370.00 together with costs and attorneys' fees.
87. the action, including interest in accordance with NYLL §198 (1-a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that judgment be granted:

  a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;
  b. Awarding Plaintiffs' unpaid minimum wages;
  c. Awarding Plaintiffs' unpaid overtime wages;
  d. Awarding Plaintiffs' unpaid spread of hours compensation;
  e. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
  f. Awarding Plaintiffs prejudgment and post-judgment interest;
  g. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all questions of fact raised by the complaint.

Dated: April 13, 2022
       Kew Gardens, NY

                                            */s/ Roman Avshalumov*
                                            Roman Avshalumov (RA 5508)
                                            Helen F. Dalton & Associates, P.C.
                                            80-02 Kew Gardens Road, Suite 601
                                            Kew Gardens, New York 11415
                                            Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOMAS LUQUE and GILBERTO SOLANO MENEZ individually and on behalf of all others similarly situated,

                              Plaintiffs,

      -against-

Z&S DELI INC. d/b/a SUPER DELI MARKET, RADHA RAMPERSAD and RIA RAMPERSAD, as individuals,

                              Defendants,

## COLLECTIVE ACTION COMPLAINT

*Jury Trial Demanded*

### HELEN F. DALTON & ASSOCIATES, P.C.

*Attorneys for the Plaintiff*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

To:

**Z&S DELI INC. d/b/a SUPER DELI MARKET**
1474 York Ave., New York, NY 10075

**RADHA RAMPERSAD**
1474 York Ave., New York, NY 10075

4 Junegrass Way, Hackettstown, NJ 07840-4539

**RIA RAMPERSAD**
1474 York Ave., New York, NY 10075

4 Junegrass Way, Hackettstown, NJ 07840-4539